DOLLY MORRIS v. THE STATE.

No. 19025.    Delivered May 26, 1937.

The opinion states the case.

*W. R. Blain,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of unlawfully possessing whisky in a container to which was affixed no stamp or other valid evidence showing the payment of the tax due to the State on such liquor, and her punishment was assessed at a fine of $100.00.

The record shows that on the night of December 24, 1936, an agent of the State Liquor Control Board, and who also was a deputy sheriff of Jefferson County, went to the home of appellant armed with a search warrant, entered her home and found in her possession a jug of whisky to which was not affixed a stamp or other valid evidence showing the payment of the tax due thereon.

By bills of exception appellant complains of the introduction in evidence of what the officer found as a result of the search of her residence. The law (art. 691, P. C., 1925) authorizing the issuance of a search warrant to search for illegal possession or illegal sale of liquor was expressly repealed by the Liquor Control Act, Acts 1935, 44th Leg., 2nd C. S., p. 1795, Sec. 49. No legal authority existed at the time of the commission of the offense for the issuance of a search warrant to search appellant's residence. Therefore the testimony showing what the officers found as a result of the search was inadmissible as evidence against her. See art. 727a, C. C. P. (Acts 1925, 39th Leg., Ch. 49, Sec. 1).

It is therefore ordered that the judgment of the trial court be and the same is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.